IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv223
(3:07cr196)

| | |
|---|---|
| TIMOTHY HOUSTON, )<br>)<br>Petitioner, )<br>v. )<br>)<br>UNITED STATED OF AMERICA, )<br>)<br>Respondent. ) | ORDER |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1); the Government's Response (Doc. No. 5); the Government's Motion for Summary Judgment (Doc. No. 6); and Petitioner's Reply (Doc. No. 8). For the reasons stated below, Government's Motion for Summary Judgment will be granted and Petitioner's Motion to Vacate will be denied and dismissed.

I.     BACKGROUND

On August 29, 2007, Petitioner was charged with knowingly and intentionally possessing with intent to distribute five grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine," and a mixture and substance containing a detectable amount of marijuana, in violation of 21 U.S.C. §§ 841 (a)(1), 841 (b)(1)(B), and 841(b)(1)(D) (Count One); knowingly and intentionally possessing with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) (Count Two); knowingly and intentionally possessing with intent to distribute five grams or more of a mixture and substance containing a detectable amount of cocaine base and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 841(b)(1)(D) (Count Three); and using and carrying a

firearm during and in relation to a drug trafficking crime, or possessing a firearm in furtherance of such offense, in violation of 18 U.S.C. § 924(c) (Count Four). (Case 3:07cr196, Doc. No. 1).

On January 24, 2008, Petitioner filed a Plea Agreement in which he agreed to plead guilty to Counts One and Four, in exchange for the Government's agreement to dismiss the remaining counts of the Indictment. (Id., Doc. No. 16: Amended Plea Agreement). A magistrate judge conducted a Plea and Rule 11 Hearing and accepted Petitioner's guilty plea as knowing and voluntary. (Id., Doc. No. 17: Acceptance and Entry of Guilty Plea).

This Court sentenced Petitioner on September 26, 2008, to 87 months' imprisonment on Count One and 60 months' imprisonment on Count Four, to run consecutively, for a total term of 147 months' imprisonment. (Id., Doc. No. 27: Judgment). Petitioner did not file a direct appeal, but instead filed the instant timely motion to vacate, alleging that his counsel: (1) failed to file a notice of appeal on his behalf; (2) failed to object to his sentence being based on crack cocaine instead of marijuana; (3) failed to object to the Court's alleged failure to consider the 18 U.S.C. § 3553(a) factors at sentencing; (4) failed to inform him of the elements of the 18 U.S.C. § 924(c) offense; and (5) failed to argue that the government did not identify the substance he possessed as crack cocaine. (Doc. No. 1: Motion). Petitioner also contends that 18 U.S.C. § 924(c) was improperly applied to him, and that the government improperly seized $6, 515.00 from him. (Id.).

II.     DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine promptly motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief. If the motion is not dismissed after that initial review, a court must direct the government to respond. Id. A court must then review the government's answer and any materials submitted

by the parties and determine whether an evidentiary hearing is warranted pursuant to Rule 8(a). Following such review, it is clear to the Court that Petitioner is entitled to no relief on his claims; thus a hearing is not required. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

Additionally, summary judgment is appropriate in those cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to a judgment as a matter of law. U.S. v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying standard to motion to vacate). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

A. Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by the constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also, Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). Furthermore, in considering the prejudice prong of the analysis, a court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

The petitioner "bears the burden of proving Strickland prejudice" Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31). In the plea context, a petitioner must show that "but for the assertedly ineffective assistance, a reasonable defendant would have insisted on proceeding to trial." Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Because some of Petitioner's claims relate to sentencing, in order to prevail on these claims, he must, at a minimum, allege facts establishing that his "sentence would have been more lenient" absent counsel's errors. Royal v. Taylor, 188 F.3d 239, 248-49 (4th Cir. 1999). If a petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697).

1. Failure to File Notice of Appeal

Petitioner first argues that his "counsel, failed to file a notice of appeal when requested to do so, by petitioner, and members of his family." (Doc. No. 1: Motion at 6). An attorney's failure to file a notice of appeal, when requested by his client to do so, is per se ineffective assistance of counsel. Roe v. Flores-Ortega, 528 U.S. 470, 476-78 (2000). Prejudice to the defendant is presumed irrespective of the merits of the appeal or a waiver of appellate rights. See United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). The prescribed remedy is to vacate the original judgment and enter a new judgment from which an appeal can then be taken. Peak, 992 F.2d at 42. However, such a request to file an appeal must be unequivocal. Poindexter, 492 F.3d at 273.

Here, Petitioner asserts in his motion that counsel failed to file an appeal when requested to do so (Doc. No. 1: Motion at 6); however, none of the evidence submitted by him establishes a genuine issue of material fact sufficient to defeat summary judgment against him. His affidavit

4

states, "When I questioned attorney Thorsen as to filing an appeal, he stated that it would not be in my best interest to appeal the sentence." (Doc. No. 1: Affidavit of Timothy Houston at ¶ 6). Similarly, Petitioner's sister filed an affidavit states, "When I questioned Attorney Thorsen about appealing my brother's sentence, he stated, 'I am truly sorry, there is nothing else I can do, because it would not be in Timothy's best interest to do so.'" (Doc. No. 1: Affidavit of Chiquita Canty at 1). In a light most favorable to Petitioner, there is no evidence that he made an unequivocal request that his counsel file an appeal; therefore, he is not entitled to relief on this issue.

2. Failure to Object to Sentence Based on Crack Cocaine

Next, Petitioner contends that his counsel was ineffective in failing to object to his sentence being based on crack cocaine instead of marijuana. (Doc. No. 1: Motion at 4). Petitioner further argues that the allegedly vague language concerning the narcotics listed in Count One requires that the Court resentence him based on marijuana, instead of crack. (Id. at 4-5).

Count One in the Bill of Indictment states:

Timothy Houston did knowingly and intentionally possess with intent to distribute one or more controlled substances, that is, a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine," a Schedule II controlled substance, and a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

(Case 3:07cr196, Doc. No. 1). There is nothing ambiguous in Count One; it clearly charged Petitioner with possession with intent to distribute both cocaine base and marijuana. (Id.). Moreover, there is no indication in the Plea Agreement or the Rule 11 hearing that Petitioner was admitting guilt only to the marijuana portion of the charge. (Case 3:07cr196, Doc. No. 16: Plea Agreement; Doc. No. 33: Rule 11 Hr'g Tr. at 8). In fact, the mandatory minimum sentence listed

in the Plea Agreement shows that Petitioner was admitting guilt to the cocaine base portion of the charge. (Id., Doc. No. 16: Plea Agreement at ¶ 4). Thus, it is clear that counsel was not deficient in failing to object to a sentence based on the type of narcotic Petitioner admitted possessing.

       3.       Failure to Object Regarding § 3553(a) Factors

Next, Petitioner argues that his attorney was ineffective for failing to object to the Court's alleged failure to consider the 18 U.S.C. § 3553(a) factors at sentencing. (Doc. No. 1: Motion at 5). This claim is simply belied by the record. In announcing Petitioner's sentence, the Court stated that the sentence was

> sufficient but not greater than necessary to accomplish the sentencing objectives of Section 3553(a); including the need for the imposed sentence to reflect the seriousness of the offense, . . . promote respect for the law; adequately deter criminal conduct. And importantly in this case, protect the public from further crimes of the defendant. It is also designed to provide the defendant with educational or vocational training, and other correctional treatment in a most effective manner.

(Case 3:07cr196, Doc. 34: Sent. Hr'g Tr. at 15-16). Thus, the sentencing transcript reflects the Court's consideration of the § 3553(a) factors and clearly establishes that counsel was not ineffective for failing to make the suggested objection.

       4.       Failure to Explain Elements of § 924(c) Charge

Next, Petitioner contends that his counsel was ineffective in failing to inform him of the elements of the § 924(c) charge to which he pled guilty. (Doc. No. 1: Motion at 5). Petitioner contends that the mere discovery of the two pistols in his bedroom did not provide a sufficient basis for this charge in Count Four of the Indictment because the government did not prove that he "use[d] or carri[ed]" the pistols. (Id. at 6-8).

Count Four of the Indictment alleges the "use and carry" prong of § 924(c), but also the "possess in furtherance of" prong sufficient to establish a violation of the statute. (Case

6

3:07cr196, Doc. No. 1 at 3); see United States v. Lomax, 293 F.3d 701, 703 (4th Cir. 2002) ("in the wake of [Bailey], Congress amended 18 U.S.C. § 924(c) to criminalize the 'possession' of a firearm 'in furtherance of' certain crimes."). Petitioner's guilty plea to Count Four (Case 3:07cr196, Doc. No. 33: Rule 11 Hr'g Tr. at 8) and his stipulation that the Presentence Report contained a factual basis for the plea (Id., Doc. 34: Sent. Hr'g Tr. at 15-16), clearly establish that he is not "actually innocent" of the § 924(c) charge.

To the contrary, Petitioner affirmed to the Court that he understood the § 924(c) charge against him, had the opportunity to discuss the charges with his attorney, understood the possible penalties he faced, and that he was in fact guilty of the § 924(c) violation. (Id., Doc. No. 33: Rule 11 Hr'g Tr. at 4, 8, and 10). A defendant's statements at his Rule 11 hearing "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). "Solemn declarations in open court carry a strong presumption of verity," and "[t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. (citing Machibroda v. United States, 368 U.S. 487, 495-96 (1962)). "[I]n the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005).

Here, Petitioner's statements at his Rule 11 hearing are in direct conflict with his current self-serving claim that his counsel did not explain the § 924(c) charge to him. Moreover, Petitioner has not alleged any extraordinary circumstances. Therefore, it is clear that Petitioner is not entitled to relief on this claim of ineffective assistance of counsel.

5.     Failure to Argue Insufficient Evidence that Substance was Crack Cocaine

Next, Petitioner argues that his attorney was ineffective in failing to argue that the Government did not sufficiently prove that the substance he possessed was actually crack cocaine. (Doc. No. 1: Motion at 10). Petitioner argues that his counsel should have submitted the substance for testing and should have argued at sentencing for an offense level based on a non-crack form of cocaine because the plea agreement refers to "cocaine base," not "crack cocaine." (Id. at 14-15).

Petitioner's claim that the government failed to prove the substance was crack cocaine is barred by Tollett v. Henderson, 411 U.S. 258 (1973). In that case, the Supreme Court explained that "a guilty plea represents a break in the chain of events which has preceded the criminal process." Id. at 267. As a result, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Id. Accordingly, Petitioner's guilty plea and stipulation that the facts in the PSR constituted a factual basis for the plea absolved the government from producing any further evidence regarding the nature of the controlled substance.

Next, Petitioner's statements made at his Rule 11 hearing absolved counsel from any obligation to pursue independent testing of the substance. At the hearing, Petitioner expressly stated that he understood the charges against him and that he was in fact guilty of possession with intent to distribute "cocaine base, also known as crack cocaine." (Case 3:07cr196, Doc. No. 33: Plea Hr'g Tr. at 4-5). Based on Petitioner's admission, there was no reason for counsel to argue that the Government did not prove the substance he possessed was crack cocaine or to demand that the substance be tested. Additionally, Petitioner has not shown any basis to conclude that a

reasonable defendant in his position would have chosen to go to trial over this issue, Burket, 208 F.3d at 190, or that such testing would have resulted in a lesser sentence, Royal, 188 F.3d at 248-49. Therefore, it is clear that Petitioner is not entitled to relief on this claim.

    B.    Consecutive Sentence Under § 924(c)

Petitioner next argues that the "except" clause in 18 U.S.C. § 924(c) was improperly applied in this case, such that the Court should not have imposed a consecutive 60-month mandatory minimum sentence on Count Four. (Doc. No. 1: Motion at 7). This issue was recently resolved against Petitioner's position by the Supreme Court in Abbott v. United States, — S. Ct. — (2010). In that case, the Court held that the "except" clause applies to other mandatory minimum sentences within § 924(c), not to separate statutes that a defendant has violated. Id., slip op. at *11-12. Therefore, this issue is without merit.

    C.    Administrative Forfeiture Claim

Last, Petitioner argues that the government improperly seized $6,515 from him as a part of this case. (Doc. No. 1: Motion at 9). This claim is not cognizable under § 2255 because it does not relate to Petitioner being held in custody in violation of the Constitution. 28 U.S.C. § 2255(a). Indeed, Petitioner seeks the return of currency, not his release from confinement. (Doc. No. 1: Motion at 14). Therefore, it is clear that Petitioner is not entitled to relief in this proceeding on this issue.[1]

---

[1] Petitioner's motion in his criminal case seeking the return of the property at issue has not yet been decided. (Case 3:07cr196, Doc. No. 29).

III.     CONCLUSION

After reviewing the entire record in the light most favorable to Petitioner, the Court finds no genuine issues of material fact such that a rational trier of fact could find that Petitioner is entitled to relief on any of his claims.

**IT IS, THEREFORE, ORDERED** that:

1.     The Government's Motion for Summary Judgment (Doc. No. 6) is **GRANTED**;

2.     The Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DENIED** and **DISMISSED**; and

3.     Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: November 19, 2010

Robert J. Conrad, Jr.
Chief United States District Judge